# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PERRY CARTER,

        Petitioner,                      Case Number: 2:12-CV-13785

v.                                        HONORABLE GERALD E. ROSEN

MICHAEL CURLEY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Michigan state prisoner Perry Carter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, carjacking, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. Now before the Court is Petitioner's motion to hold these proceedings in abeyance. Petitioner asks the Court to stay further proceedings so that he may return to state court to raise unexhausted claims of ineffective assistance of trial and appellate counsel.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition,

there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. See *Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a

showing of "extraordinary circumstances").

Petitioner raises ineffective assistance of appellate counsel as cause for his failure to exhaust the unexhausted claims. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds Petitioner has satisfied the good cause standard.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See e.g., Anthony v. Palmer*, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, 2007 WL 4181316, *3 (E.D. Mich. Nov. 27, 2007) (same). *See also Woodson v. Smith*, 2010 WL 3781579, *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). In *Bartelli v. Wynder*, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the District Court for the Eastern District of Pennsylvania held that a petitioner's

unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.

Here, Petitioner seeks to raise new claims regarding ineffective assistance of trial and appellate counsel. All of these claims raise constitutional issues which may form the basis for habeas corpus relief. Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the Court stays further proceedings in this matter pending exhaustion of the additional claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* He must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

Accordingly, the Court GRANTS Petitioner's "Motion to Hold Habeas

Proceedings in Abeyance" [dkt. #10]. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

    The Court ORDERS that the Clerk of Court shall close this case for statistical purposes only.

                                  s/Gerald E. Rosen  
                                  Chief Judge, United States District Court

Dated: June 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 24, 2013, by electronic and/or ordinary mail.

                                  s/Julie Owens  
                                  Case Manager, (313) 234-5135